SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
Vafaeenia@seyfarth.com
Kerry Friedrichs (SBN 198143)
kfriedrichs@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
Daniela A. Archila (SBN 334393)
darchila@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and
THE PERMANENTE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SNEZHANA STEBAKOV, an individual on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, a California nonprofit corporation, THE PERMANENTE MEDICAL GROUP, INC., a California corporation, DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>*[Alameda County Superior Court Case No. 25CV128256]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Filed Concurrently with Corporate Disclosure Statement; Declaration of Parnian Vafaeenia in Support of Notice of Removal; Declaration Of Lionel C. Sims in Support of Notice of Removal; Notice of Interested Parties; Civil Cover Sheet]<br><br>Complaint Filed: June 26, 2025<br>Trial Date: None Set |

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

**TABLE OF CONTENTS**

I.     PROCEDURAL BACKGROUND .......................................................................... 1

II.    FACTUAL BACKGROUND ................................................................................. 2

III.   REMOVAL IS TIMELY ....................................................................................... 3

IV.    FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT .......................................................................................... 4

    A.   Plaintiff Claims An Express Breach of the CBA, And Federal Courts have Jurisdiction Over Such Claims ................................................................... 6

    B.   Plaintiff's Claims Necessarily Require Interpreting the CBA ............................................ 6

    C.   Defendants' Defenses Will Also Necessarily Require An Interpretation of the CBA ................. 8

    D.   Alternatively, Supplemental Jurisdiction Permits Removal of All Remaining Claims ................... 9

V.     VENUE IS PROPER ........................................................................................ 10

VI.    SERVICE OF NOTICE OF REMOVAL ON STATE COURT ..................................... 10

VII.   PRAYER FOR REMOVAL ................................................................................. 10

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Adkins v. Mireles*,
    256 F.3d 531 (9th Cir. 2008) ............................................................................................... 7

*Allis-Chalmers Corps. v. Lueck*,
    471 U.S. 202 (1985) ................................................................................................... 5, 6, 7

*Audette v. Int'l Longshoremen's and Warehousemen's Union*,
    195 F.3d 1107 (9th Cir. 1999) ............................................................................................ 5, 8

*Burnside v. Kiewit Pac. Corp.*,
    491 F.3d 1053 (9th Cir. 2007) ............................................................................................ 5

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) ........................................................................................................... 5

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
    428 F.3d 206 (5th Cir. 2005) ............................................................................................. 3

*Cmty. Hous. P'ship v. Byrd*,
    2013 U.S. Dist. LEXIS 164661 (N.D. Cal. Nov. 19, 2013) ............................................... 4

*Cramer v. Consolidated Freightways, Inc.*,
    255 F.3d 683 (9th Cir. 2001) ............................................................................................. 6

*Curtis v. Irwin Indus., Inc.*,
    913 F.3d 1146 (9th Cir. 2019) ........................................................................................... 5

*Estrada v. Kaiser Foundation Hospitals*,
    678 Fed. Appx. 494 (9th Cir. 2017) ................................................................................. 1, 9

*Firestone v. Southern California Gas Co.*,
    219 F.3d 1063 (9th Cir. 2000) ........................................................................................... 6

*Franco v. E-3 Systems*,
    No. 19-cv-01453-HSG, 2019 WL 6358947 (N.D. Cal. Nov. 8, 2019) ............................ 10

*Greenly v. Sara Lee Corp.*,
    2008 WL 192925230 (E.D. Cal. 2008) ............................................................................. 7

*Hayden v. Reickerd*,
    957 F.2d 1506 (9th Cir. 1992) ........................................................................................... 6

*Hyles v. Mensing*,
    849 F.2d 1213 (9th Cir. 1988) ........................................................................................... 7

*Jimenez v. Young's Mkt. Co.*,
  LLC, No. 21-cv-02410-EMC, 2021 U.S. Dist. LEXIS 242424 (N.D. Cal. Dec. 20, 2021) ............................................................................................................................. 9

*K.V. Mart Co. v. UFCW Local 324*,
  173 F.3d 1221 (9th Cir. 1999) ..................................................................................... 6

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
  832 F.3d 1024 (9th Cir. 2016) ..................................................................................... 5

*Linebarger v. Graphic Packaging Int'l, LLC*,
  2020 WL 1934958 (C.D. Cal. Apr. 22, 2020) ............................................................. 9

*Metropolitan Life, Ins. Co. v. Taylor*,
  481 U.S. 58, 107 S. Ct. 1542 (1987) ........................................................................... 7

*Miller v. AT&T Network Sys.*,
  850 F.2d 543 (9th Cir. 1988) ....................................................................................... 6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ................................................................................................ 3, 4

*Newberry v. Pacific Racing Association*,
  854 F.2d 1142 (9th Cir. 1988) ..................................................................................... 7

*Nishimoto v. Federman-Bachrach & Assoc.*,
  903 F.2d 709 (9th Cir. 1990) ....................................................................................... 9

*Paige v. Henry J. Kaiser Co.*,
  826 F.2d 857 (9th Cir. 2001) ....................................................................................... 7

*Raphael v. Tesoro Refining & Marketing Co., LLC*,
  No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293 (C.D. Cal. June 30, 2015) .............. 7

*Schneider v. Regions Bank*,
  2012 U.S. Dist. LEXIS 119144 (S.D. Il. Aug. 23, 2012) ............................................. 4

*Shwiyat v. Martin Marietta Materials, Inc.*,
  No. 3:23-cv-00283-JSC, 2023 U.S. Dist. LEXIS 182215, 2023 WL 6626129 (N.D. Cal. Oct. 10, 2023) ....................................................................................................... 9

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ................................................................................................... 10

*Vanvakaris v. Fashion Forms, Inc.*,
  2019 U.S. Dist. LEXIS 204587 (C.D. Cal. Nov. 22, 2019) ......................................... 4

*Young v. Anthony's Fish Grottos, Inc.*,
  830 F.2d 993 (9th Cir. 1987) ................................................................................... 5, 7

**Federal Statutes**

28 U.S.C. § 84(c) ............................................................................................................... 10

28 U.S.C. § 1146 ................................................................................................................. 1

28 U.S.C. § 1331 ................................................................................................................. 1

28 U.S.C. § 1367(a) ............................................................................................................ 9

28 U.S.C. § 1441 ................................................................................................................. 1

28 U.S.C. § 1441(a) ...................................................................................................... 4, 10

28 U.S.C. § 1441(b) ............................................................................................................ 4

28 U.S.C. § 1446 ................................................................................................................. 3

28 U.S.C. § 1446(a) .......................................................................................................... 10

28 U.S.C. § 1446(b) ............................................................................................................ 4

28 U.S.C. § 1446(b)(1) ....................................................................................................... 4

28 U.S.C. § 1446(d) .......................................................................................................... 10

29 U.S.C. § 185(a) .......................................................................................................... 5, 6

29 U.S.C. § 185 *et seq*. ....................................................................................................... 4

Labor Management Relations Act § 301, 29 U.S.C. § 185 ............................................. *passim*

**State Statutes**

Cal. Civ. Proc. Code, § 415.10 .......................................................................................... 4

Lab. Code, § 194.2 ............................................................................................................. 3

Lab. Code, § 204 ................................................................................................................ 3

Lab. Code, § 210 ................................................................................................................ 3

Lab. Code, § 226 ................................................................................................................ 3

Lab. Code, § 226.7 ............................................................................................................. 3

Lab. Code, § 246.5 ............................................................................................................. 3

Lab. Code, § 510 ................................................................................................................ 3

Lab. Code, § 512 ................................................................................................................ 3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

Lab. Code, § 1194 ................................................................................................................. 3

Unfair Competition Law (Bus. & Prof. Code § 17200) ........................................................ 3

**Rules**

Fed. R. Civ. P. 6 .................................................................................................................... 4

**Constitutional Provisions**

United States Constitution Article III ................................................................................... 9

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF SNEZHANA STEBAKOV AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants KAISER FOUNDATION HOSPITALS ("KFH") and THE PERMANENTE MEDICAL GROUP, INC. ("TPMG") (collectively, "Defendants"), hereby remove the above-captioned matter from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1146. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

I.   **PROCEDURAL BACKGROUND**

1.   On or about June 26, 2025, Plaintiff Snezhana Stebakov ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California, County of Alameda, entitled "*Snezhana Stebakov, an individual on behalf of herself and all other similarly situated individuals, Plaintiff(s), v. Kaiser Foundation Hospitals, a California nonprofit Corporation, The Permanente Medical Group, Inc., a California corporation, Does 1-20, inclusive,*" designated Case No. 25CV128256 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Parnian Vafaeenia in Support of Defendants' Notice of Removal ("Vafaeenia Decl." or "Vafaeenia Declaration"), filed herewith.

2.   On July 3, 2025, Plaintiff served the Summons, filed Complaint, Notice of Case Assignment, Notice of Case Management Conference, Certificate of Mailing, Alternative Dispute Resolution Information Package, and Stipulation to Attend Alternative Dispute Resolution on KFH's agent for service of process.  A true and correct copy of the service packet received by KFH is attached as **Exhibit B** to the Vafaeenia Declaration. On July 9, 2025, Plaintiff served the Summons, filed Complaint, Notice of Case Assignment, Notice of Case Management Conference, Certificate of Mailing, Alternative Dispute Resolution Information Package, and Stipulation to Attend Alternative Dispute Resolution on TPMG's agent for service of process.  A true and correct copy of the service packet received by TPMG is attached as **Exhibit C** to the Vafaeenia Declaration.

3.  Defendants have not filed or received any other pleadings or papers other than the pleadings attached as Exhibits A-C of the Vafaeenia Declaration in this action prior to this Notice of Removal.

## II. FACTUAL BACKGROUND

4.  Plaintiff alleges she began working as a registered nurse with Defendants on or around December 9, 2019 through present. *See* Vafaeenia Decl., **Ex. A**, ¶ 19.

5.  In her position, and at all times relevant to the Complaint, Plaintiff has been a member of the bargaining unit represented by the California Nurses Association ("CNA"). *See* Declaration of Lionel C. Sims Jr. in Support of Defendants' Notice of Removal ("Sims Decl." or "Sims Declaration"), ¶ 3.

6.  At all relevant times, Plaintiff's employment has been governed by a collective bargaining agreement entitled "Agreement Between Kaiser Foundation Hospitals and The Permanente Medical Group, Inc. and California Nurses Association." Sims Decl. ¶ 4; *see also* Vafaeenia Decl., Ex. A, ¶¶ 20-21.

7.  The collective bargaining agreement between Defendants and CNA, effective September 1, 2017 through August 31, 2022, governed the terms and conditions of Plaintiff's employment during the relevant time period prior to September 1, 2022 ("Prior CBA"). *See* Sims Decl., ¶ 7. The collective bargaining agreement between Defendants and CNA, effective September 1, 2022 to August 31, 2026, governed the terms and conditions of Plaintiff's employment thereafter, and is the collective bargaining agreement presently in effect ("Current CBA"). *Id*. True and correct copies of the Prior CBA and the Current CBA are attached as **Exhibits A** and **B** to the Sims Declaration. The Prior and Current CBAs are hereinafter referred, together, as the "CBA."

8.  Plaintiff's Complaint references the CBA, alleging, "[a]t the time of Plaintiff's hire, Plaintiff and all putative class members were subject to an agreement that DEFENDANTS entered on or about September 1, 2017 and in effect through August 31, 2022 . . . On September 1, 2022, DEFENDANTS entered into an agreement with Plaintiff and all putative class members in effect through August 31, 2026." *See* Vafaeenia Decl., **Ex. A**, ¶¶ 20-21.

9. Plaintiff's Complaint alleges that "Defendants failed to provide Step increases to Plaintiff and other class members as required under the [CBA]. These step increases are required to take place once the conditions [under the CBA] are met." *Id*. at ¶¶ 22. Plaintiff's Complaint further alleges that "as a result of Defendants' failure to apply the appropriate [CBA] Step increases, Defendants have violated a number of Plaintiff and class members' statutory rights." *Id*. at ¶ 24. Specifically, Plaintiff alleges that Defendants have failed to properly pay amounts owed calculated at the step increase rate agreed to under the CBA for meal/rest break violations, premium hours, overtime, double time, sick time, paid time off, other leave time, and wages due at separation. *Id*. at ¶¶ 22-28.

10. On the basis of the foregoing factual allegations, Plaintiff's Complaint alleges the following causes of action against Defendants: (1) Failure to Pay Overtime (Lab. Code, §§ 510, 1194, 194.2); (2) Failure to Provide Meal Breaks (Lab. Code, § 512, Wage Orders); (3) Failure to Provide Rest Breaks (Lab. Code, § 226.7, Wage Orders); (4) Failure to Provide Accurate Pay Stubs (Lab. Code, § 226); (5) Failure to Pay Agreed Benefits; (6) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200); (7) Failure to Provide Paid Sick Leave Notice (Lab. Code, § 246.5); (8) Failure to Timely Pay Wages During Employment (Lab. Code, §§ 204, 210); and (9) Breach of Contract. *Id*., at ¶¶ 19-85.

11. Plaintiff seeks to represent a class consisting of: "[a]ll nurses who have or continue to work for Defendant in California from four (4) years prior to filing this complaint to the present." *Id.* at ¶ 9.

### III.   REMOVAL IS TIMELY

12. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

13. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the

term 'service of process' is defined by state law."). Defendants' 30-day time limit to remove is triggered by Plaintiff's service of Summons and the Complaint on KFH on July 3, 2025 and on TPMG on July 9, 2025. *See Murphy Bros, Inc.*, 526 U.S. at 347-48. Thirty (30) days from the service of the Summons and Complaint on KFH on July 3, 2025 is August 4, 2025. *See* Fed. R. Civ. P. 6; *Cmty. Hous. P'ship v. Byrd*, 2013 U.S. Dist. LEXIS 164661, *6 (N.D. Cal. Nov. 19, 2013) ("As Defendant points out, both Federal and State guidelines specify that if a deadline falls on a holiday or weekend, the time period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday…Thus, Defendant's notice of removal had to be filed by July 1, 2013, which it was."); *Schneider v. Regions Bank*, 2012 U.S. Dist. LEXIS 119144, *1-2 (S.D. Il. Aug. 23, 2012) ("28 U.S.C. 1446(b)(1) requires removal within 30 days after defendant receives formal service of the complaint…Here, the 30th day fell on the weekend, so Regions got the benefit of Federal Rule of Civil Procedure 6(a)(1)(C), and removal was timely on Monday, April 30, 2012."); *Vanvakaris v. Fashion Forms, Inc.*, 2019 U.S. Dist. LEXIS 204587, *3 (C.D. Cal. Nov. 22, 2019). This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint by personal service on Defendants. *See* 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code, § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed to complete at the time of such delivery."). Thirty (30) days from the service of the Summons and Complaint on TPMG on July 9, 2025 is August 8, 2025. *See* Vafaeenia Decl., Ex. C.

## IV. FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT

14.   Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). This action may be removed to this Court by Defendants under 28 U.S.C. section 1441(b) because it arises under the LMRA, Section 301, codified at 29 U.S.C. Section 185 *et seq*.

15. Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A collective bargaining agreement is such a contract, and **Section 301 preempts all state-law claims "founded directly on rights created by collective-bargaining agreements."** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (emphasis added). Further, "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1] based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). Where a right asserted is rooted in a CBA, the claim must be either treated as a Section 301 claim or dismissed as preempted by federal law. *See Allis-Chalmers Corps. v. Lueck*, 471 U.S. 202, 220 (1985); *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) (state law claims seeking to enforce the terms of a CBA are preempted).

16. The Ninth Circuit has established that the LMRA preempts claims asserted under state law **in two <u>independent</u> ways**. **First**, if the claim involves a right that exists because of the CBA rather than state law, the "claim is preempted and [the court's] analysis ends there." *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). **Second**, if the claim requires the Court to interpret the CBA or is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted, even if it is ostensibly based on state law. *See Burnside*, 491 F.3d at 1059; *Curtis*, 913 F.3d at 1152.

17. This Court has jurisdiction over this case pursuant to Section 301 for at least three separate reasons: (1) the basis of Plaintiff's claims is that Defendants violated the CBA by failing to pay her step increase wages she was allegedly owed exclusively under the terms of those CBA; (2) adjudication of her causes of action require interpretation of the CBA; and (3) Defendants' defenses also require interpretation of the CBA. *See* Vafaeenia Decl., Ex. A, ¶¶ 19-85.

### A. Plaintiff Claims An Express Breach of the CBA, And Federal Courts have Jurisdiction Over Such Claims

18. Federal courts have jurisdiction over claims under the LMRA for breach of collective bargaining agreements. *See* LMRA § 301, codified at 29 U.S.C. § 185 ("Section 301"); *see e.g.*, *K.V. Mart Co. v. UFCW Local 324*, 173 F.3d 1221, 1223-1225 (9th Cir. 1999). Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); *see also Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) ("Section 301 . . . creates a federal cause of action for beach of collective bargaining agreements"). In short, any claim based on the violation of a collective bargaining agreement is subject to federal jurisdiction. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992) (Section 301 preempts claims "founded directly on rights created by collective bargaining agreements").

19. Here, Plaintiff expressly asserts that Defendants breached the CBA by failing to pay Plaintiff and other aggrieved employees compensation increases agreed to "[u]nder the terms of the [CBA]," *See* Vafaeenia Decl., Ex. A, ¶¶ 22-23. This allegation forms the basis of each and every one of her claims. *Id.* ¶¶ 22-85. Since Plaintiff alleges violation of a right that only exists under the CBA (i.e., the right to step increase pay), this Court has jurisdiction over this case pursuant to Section 301. *Miller*, 850 F.2d at 545 ("Federal laws govern suits brought for breach of a collective bargaining agreement, even if brought in state court"); 29 U.S.C. § 185(a); *see also Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (a suit that involves an employer's alleged failure to comport with its contractually established duties pursuant to a CBA is preempted); *see also* Sims Decl. Ex. A, Art., XXIII, Appendix A; *see also id.*, Ex. B, Art., XXIII, Appendix A..

### B. Plaintiff's Claims Necessarily Require Interpreting the CBA

20. In addition to preempting claims seeking to enforce rights conferred under a CBA, Section 301 preempts state-law claims "that are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). In other words, any state claim may also be removed if the court must interpret the parties'

6
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

CBA to resolve the dispute between a plaintiff and defendant with regards to the plaintiff's causes of action. *Metropolitan Life, Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987); *Adkins v. Mireles,* 256 F.3d 531, 534 (9th Cir. 2008) (Section 301 preempts state law claims that require a resolution of the meaning of a CBA); *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement"); *Young v. Anthony's Fish Grottos, Inc.*, 830 F. 2d 993, 997-98 (9th Cir. 1987) (Section 301 preemption supplants state claim with federal claim); *Greenly v. Sara Lee Corp.*, 2008 WL 192925230, at *21 (E.D. Cal. 2008) ("The United States Supreme Court has articulated that 'where the right [at issue in the lawsuit] is created by state law [but the application of state law] requires the interpretation of a [CBA],'" state law claims are preempted by Section 301).

21. Accordingly, the LMRA preempts state-law actions that do not allege a breach of the applicable collective bargaining agreement, but nonetheless require interpretation of labor agreements. *See Allis Chalmers Corp.*, 471 U.S. at 220; *see also Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 2001); *Hyles v. Mensing*, 849 F.2d 1213, 1215-1216 (9th Cir. 1988); *Young*, 830 F.2d at 997, 999; *Raphael v. Tesoro Refining & Marketing Co., LLC*, No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293, *6-7 (C.D. Cal. June 30, 2015) ("To further the goal of uniform interpretation of labor contracts, the preemptive effect of § 301 has been extended beyond suits that allege the violation of a collective bargaining agreement . . . a state law claim will be preempted if it is so 'inextricably intertwined' with the terms of a labor contract that its resolution will require judicial interpretation of those terms") (citing *Allis Chalmers Corp.*, 471 U.S. at 210-11).

22. Here, Plaintiff claims that "[a]s a result of Defendants' failure to apply the [CBA] Step increases, Defendants have violated a number of Plaintiff and class members' statutory rights." Vafaeenia Decl., Ex. A, ¶ 24. Specifically, Plaintiff claims that Defendants have consequently failed to pay owed amounts for meal/rest break violations, premium hours, overtime, double time, sick time, paid time off, leave, and due at separation calculated at the rate established under the CBA. *Id*. at ¶¶ 22-29. Plaintiff explicitly claims that she "brings this suit on behalf of herself and all class members to recover

all unpaid wages, penalties, interest and all other damages provided by the terms of the [CBA] and/or their statutory rights." *Id*. at ¶ 29.

23. Plaintiff's First through Ninth causes of action all relate to Defendants' purported pay practices, which Plaintiff claims contravened the CBA. As described, each and every one of Plaintiff's claims is based on Defendants' alleged failure to calculate amounts owed based on Step increases due under the CBA, which cannot be analyzed absent CBA interpretation. *Id*. ¶¶ 19-85; *see* Sims Decl. Ex. A, Arts. VII, XXIII, Appendix A; *see also id.*, Ex. B, Arts. VII, XXIII, Appendix A. Plaintiff claims that "[CBA] Step increases are required to take place once the conditions are met," but whether such "conditions are met" is impossible to analyze absent CBA interpretation. *See* Vafaeenia Decl., Ex. A, ¶ 22; *see* Sims Decl. Ex. A, Arts. VII, XXIII, Appendix A; *see also id.*, Ex. B, Arts. VII, XXIII, Appendix A. The CBA does not expressly define the tenure requirements for calculating Step increases, necessitating interpretation of the CBA to determine the applicable criteria. *See* Sims Decl., ¶ 8; *see also id.*, Exs. A and B. Whether Plaintiff and the putative class are due additional wages can only be analyzed through interpreting the Step increase sections of the CBA.

24. Therefore, even to the extent the Court finds that Plaintiff is not seeking to enforce a right that exists because of the CBA, an analysis and interpretation of the CBA is necessary to determine whether Plaintiff's causes of action have any merit. Consequently, all causes of action are preempted by the LMRA § 301.

**C.     Defendants' Defenses Will Also Necessarily Require An Interpretation of the CBA**

25. Section 301 preemption applies even where an interpretation of the CBA is required to evaluate only the employer's defenses to a state law cause of action. *See Audette v. International Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (civil rights claim preempted where interpretation of agreement was required in evaluating employer's defense that it had a legitimate non-business reason for its actions).

26. Here, any defenses Defendants plead will necessarily require an interpretation of the CBA. For example, in order for Defendants to defend against Plaintiff's alleged failure to pay overtime wages, meal periods or rest periods, they will have to rely upon the sections in the CBA that specify the agreement on those issues. *See* Sims Decl. Ex. A, Arts. VII, XXIII, Appendix A; *see also id.*, Ex. B,

Arts. VII, XXIII, Appendix A. Defendants must also rely upon their interpretation of the provisions in the CBA in order to show that, contrary to what Plaintiff alleges, Defendants did not make any misrepresentations regarding the provisions of the CBA and that they paid Plaintiff and the putative class appropriately and in accordance with the terms of the CBA. Specifically, Defendants must rely upon interpretation of the provisions determining tenure to confirm if Step increases pursuant to the terms of the CBA were owed. *See id.* Ex. A, Arts. XXIII, Appendix A; *see also id.*, Ex. B, Arts. XXIII, Appendix A.

### D. Alternatively, Supplemental Jurisdiction Permits Removal of All Remaining Claims

27. To the extent that any of Plaintiff's claims do not arise under Section 301 of the LMRA, those alleged violations remain within the supplemental jurisdiction of the Court under 28 U.S.C. section 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 U.S. Dist. LEXIS 242424 (N.D. Cal. Dec. 20, 2021) (exercising supplemental jurisdiction because the plaintiffs' remaining claims of minimum wage, rest period, and unpaid wages "arose from the same working conditions and relationship" with the defendants during the same period as the plaintiffs' overtime and meal period claims); *Estrada v. Kaiser Foundation Hospitals,* 678 Fed. Appx. 494, 497 (9th Cir. 2017) ("[S]ince Plaintiffs allege in their complaint that the sections 222 and 226 violations form the basis of Plaintiffs' UCL claim, the UCL claim is derivative of the sections 222 and 226 claims. Given that the sections 222 and 226 claims are preempted, the derivative UCL claim also fails."); *Shwiyat v. Martin Marietta Materials, Inc.,* No. 3:23-cv-00283-JSC, 2023 U.S. Dist. LEXIS 182215, 2023 WL 6626129, at *4 (N.D. Cal. Oct. 10, 2023) ("PAGA action compromising individual and non-individual claims support this Court's subject matter jurisdiction so long as some claims—either individual or non-individual—are preempted by federal law.").

28. All of Plaintiff's claims arise from the same common nucleus of operative facts and all should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.,* 903 F.2d 709, 714 (9th Cir. 1990); *Linebarger v. Graphic Packaging Int'l, LLC,* 2020 WL 1934958, at *1, *5, *6 (C.D. Cal. Apr. 22, 2020) (exercising supplemental jurisdiction over other non-preempted Labor Code claims "because the claims are derived from a common nucleus of operative facts – the way in which [the defendant]

paid [the plaintiff] during his employment."); *See, e.g., Franco v. E-3 Systems*, No. 19-cv-01453-HSG, 2019 WL 6358947, *4 (N.D. Cal. Nov. 8, 2019) (where overtime claim was preempted, the Court exercised supplemental jurisdiction over the remaining state law employment claims because, "Plaintiff's remaining claims under California law arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's overtime claim."). Additionally, considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over Plaintiffs' entire Complaint. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725-26 (1966).

## V. VENUE IS PROPER

29. The County of Alameda lies within the jurisdiction of the United States District Court, Northern District of California.

30. Therefore, without waiving the Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## VI. SERVICE OF NOTICE OF REMOVAL ON STATE COURT

31. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Alameda, as required under 28 U.S.C. § 1446(d).

32. WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

## VII. PRAYER FOR REMOVAL

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

| | |
|---|---|
| DATED: August 4, 2025 | Respectfully submitted,<br><br>SEYFARTH SHAW LLP<br><br>By: _____<br>Christian J. Rowley<br>Kerry Friedrichs<br>Parnian Vafaeenia<br>Daniela A. Archila<br>Attorneys for Defendants<br>KAISER FOUNDATION HOSPITALS and THE PERMANENTE MEDICAL GROUP, INC. |

11

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT