SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Kerry Friedrichs (SBN 198143)
kfriedrichs@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
Daniela A. Archila (SBN 334393)
darchila@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and
THE PERMANENTE MEDICAL GROUP, INC.

Drew Lewis, Esq. (SBN 309288)
**DREW LEWIS, PC**
3010 Lava Ridge Ct. Ste. 120
Roseville, CA 95661
Tel: (833) 600-7400
Email: drew@drewlewis.law

Attorneys for Plaintiff
SNEZHANA CHERNI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SNEZHANA CHERNI, an individual on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, a California nonprofit corporation, THE PERMANENTE MEDICAL GROUP, INC., a California corporation, DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:25-cv-06564-PHK<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      June 16, 2026<br>Time:      1:00 PM<br>Judge:     Hon. Judge Peter H. Kang |

Plaintiff Snezhana Cherni ("Plaintiff") and Defendants Kaiser Foundation Hospitals ("KFH") and The Permanente Medical Group, Inc. ("TPMG") (collectively, the "Parties"), submit this Initial Joint Case Management Statement and Rule 26(f) Report in accordance with the Court's Standing Order for All Judges of the Northern District of California Regarding Contents of Joint Case Management Statement, Standing Order for Civil Cases Before Magistrate Judge Peter H. Kang, Fed. R. Civ. P. 16(b) and Civil L.R. 16-9, 16-10. This Joint Case Management Statement is submitted following the Parties' Rule 26(f) conference on May 22, 2026.

## I.     JURISDICTION AND SERVICE

Defendants removed this action from the Alameda County Superior Court to this Court on August 8, 2025. (Dkt. No. 1.) Defendants contend that this Court has subject matter jurisdiction over this action because Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and because resolution of Plaintiff's claims requires interpretation of the collective bargaining agreement ("CBA") between Defendants and the California Nurses Association. (See Dkt. No. 1 Defendants' Notice of Removal; No. 19, Defendants' Opposition to Plaintiff's Motion for Remand to State Court.) Plaintiff disputes that her claims are preempted by Section 301 of the LMRA and has filed a Motion for Remand to State Court (Dkt. No. 16), which remains pending and is set for hearing on June 16, 2026.

Defendants have been served. Defendants do not challenge personal jurisdiction.

## II.    FACTS

### A.     Plaintiff's Statement

Plaintiff Snezhana Cherni has been employed as a registered nurse by Defendants since December 9, 2019. Plaintiff alleges she and similarly situated employees were entitled to regularly scheduled step increases in their base rate of pay pursuant to the Parties' applicable collective bargaining agreement ("CBA"), and that Defendants failed to provide the step increases required under the CBA, resulting in a number of wage violations under California's Labor Code including underpayment of overtime, meal and rest break premiums, sick leave and earned benefits at the correct rate, failure to timely pay all wages earned when due, failure to provide accurate pay stubs, and violation of

California's Unfair Competition Law ("UCL"). Plaintiff alleges she was employed by both Kaiser Foundation Hospitals and TPMG during the applicable claim period.

### B.   Defendants' Statement

Defendants deny the substantive allegations of the Complaint, and contend that each and every alleged or contemplated cause of action asserted therein is without merit. It is Defendants' position that this case has no merit as Defendants complied with all wage and hour laws and with the applicable union contracts at all relevant times. Defendants dispute that treatment of any or all of Plaintiff's claims as a representative action is appropriate. Further, Defendant TPMG did not employ Plaintiff and should therefore be dismissed from the action.

Plaintiff is a registered nurse who began working for KFH on or around December 9, 2019. At all times relevant to the FAC, Plaintiff has been a member of the bargaining unit represented by the California Nurses Association ("CNA"), and her employment has been governed by the CBA between KFH and CNA. Plaintiff alleges that Defendants failed to provide her and the putative class members with "Step" increases in base compensation as required under the 2017 and 2022 iterations of the CBA, and that this alleged failure resulted in derivative violations of California's wage-and-hour statutes (including the underpayment of overtime, meal and rest period premiums, sick time, and other benefits, as well as the issuance of inaccurate wage statements). Defendants deny these allegations. Defendants maintain that Plaintiff's claims are preempted under the LMRA and filed a Motion to Dismiss regarding the same, which is set to be heard June 16, 2026.

## III.   LEGAL ISSUES

The legal issues in this case are not fully developed because discovery is in its early stages. However, based on information currently available to the Parties, the legal issues in dispute appear to include:

1.   Whether Plaintiff's claims are preempted by Section 301 of the LMRA;

2.   Whether TPMG is properly named as a Defendant in this action, given TPMG's contention that it did not employ Plaintiff;

3.   Whether Plaintiff can establish all the requirements for class certification under Rule 23 as to any of her putative class claims;

JOINT CASE MANAGEMENT STATEMENT

4.      Whether Plaintiff has standing to bring some or all of the claims asserted in this action;

5.      Whether Plaintiff is an adequate representative with respect to some or all of the claims asserted in this action;

6.      Whether Defendants' affirmative defenses would defeat or limit any purported liability;

7.      Whether Plaintiff and the individuals she seeks to represent were properly compensated in accordance with the CBA; and

8.      Whether Defendants' conduct, if unlawful (which Defendants deny), was "willful" for the purposes of penalties and/or liquidated damages.

## IV.   MOTIONS

### A.   Prior Motions

None.

### B.   Pending Motions

Defendants removed this case to federal court on August 8, 2025. (Dkt. No. 1.) Plaintiff filed a Motion for Remand to State Court on September 17, 2025. (Dkt. No. 16.) Defendants filed their Opposition on October 1, 2025. (Dkt. No. 19.) Plaintiff filed her Reply in Support of Her Motion to Remand on October 8, 2025. (Dkt. No. 22.) Plaintiff's Motion to Remand is pending and is set for hearing on June 16, 2026.

Defendants filed a Motion to Dismiss Plaintiff's FAC on September 23, 2025. (Dkt. No. 17.) Plaintiff filed her Opposition on October 7, 2025. (Dkt. No. 21.) Defendants filed their Reply in Support of Their Motion to Dismiss on October 14, 2025. (Dkt. No. 23.)  Defendants' Motion to Dismiss is pending and is also set for hearing on June 16, 2026.

### C.   Anticipated Motions

#### 1.   Plaintiff's Position

Plaintiff anticipates filing a motion for class certification upon completion of class discovery. Because the case is still in an early stage pending resolution of Plaintiff's Motion to Remand and Defendant's Motion to Dismiss Plaintiff's FAC, Plaintiff has not yet identified any additional motions that may be needed. Plaintiff reserves the right to bring such future motions as may be appropriate,

including but not limited to motions to compel discovery, dispositive motions, and pretrial evidentiary motions.

### 2. Defendants' Position

Defendants anticipate filing a motion for summary judgment as to Plaintiff's individual claims. Consistent with this Court's Civil Standing Order, Defendants believe that discovery is likely to yield an undisputed factual record showing that Plaintiff's individual claims lack merit. Defendants further reserve their right to file additional motions as investigation and discovery warrant, including, but not limited to, a motion for judgment on the pleadings, a motion for preemptive denial of class certification, and/or a motion for a feasible trial plan.

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff's Position

Plaintiff does not currently anticipate further amendment of the pleadings, but requests leave to amend in the event the Court grants any portion of Defendant's Motion to Dismiss Plaintiff's FAC which is set for hearing on June 16, 2026.

### B. Defendants' Position

Defendants submit that the last day to amend pleadings should be August 17, 2026 (sixty days after the initial case management conference).

## VI. EVIDENCE PRESERVATION

The Parties certify that they have all reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties further confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Further, all Parties' counsel have taken steps to advise their clients about the need to preserve relevant evidence.

## VII. DISCLOSURES

The Parties exchanged initial disclosures on September 10, 2025. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

JOINT CASE MANAGEMENT STATEMENT

## VIII. DISCOVERY

The Parties' separate statements below present their respective views on the scope of anticipated discovery and anticipated discovery management issues.

### A. Anticipated Scope of Discovery

#### 1. Plaintiff's Position

Plaintiff believes bifurcation of discovery is unnecessary, would not promote judicial economy, would likely lead to significant discovery disputes that the Court would be called upon to resolve, and would encourage inappropriate gatekeeping by Defendants with respect to information exclusively in Defendants' control, including information needed to support Plaintiff's motion for class certification and to prove the wage violations alleged in Plaintiff's operative complaint.

To avoid the potential for multiple motions for summary judgment that might otherwise result, Plaintiff requests that Plaintiff's motion for class certification be heard before any motions for summary judgment.

#### 2. Defendants' Position

Defendants will serve initial discovery requests relating to Plaintiff's individual claims and will notice Plaintiff's deposition.

Pursuant to the Court's Standing Order for Civil Cases, Defendants maintain that cross-motions for summary judgment on liability should proceed before any motion regarding class certification. Defendants propose that the case proceed in two phases. Phase one would focus on discovery and summary judgment on disputed issues of fact specific to Plaintiff's individual claims, including, but not limited to: (1) whether TPMG employed Plaintiff; (2) whether Plaintiff was properly compensated under the terms of the CBA at the applicable Step rate, including whether Defendants properly applied the tenure-related criteria governing Step increases; (3) whether Plaintiff's overtime, meal and rest period premiums, sick pay, and other derivative compensation were correctly calculated based on the appropriate base rate; and (4) Plaintiff's claimed damages.

Defendants propose this approach because discovery and motion practice with respect to disputed questions of law and fact that are not specific to Plaintiff will be lengthy and burdensome.

JOINT CASE MANAGEMENT STATEMENT

Resolution of the foregoing Plaintiff-specific issues first could obviate the need for subsequent stages entirely or, at minimum, substantially narrow the issues to be considered.

Defendants believe that all discovery should otherwise be conducted in accordance with the limits set forth in the Federal Rules of Civil Procedure.

## IX.    CLASS ACTIONS

### A.    Plaintiff's Position

Plaintiff's counsel has reviewed the Court's Procedural Guidance for Class Action Settlement. Plaintiff believes the case is appropriate for class action certification.

### B.    Defendants' Position

Defendants' counsel has reviewed the Procedural Guidance for Class Action Settlements. Defendants deny that the case can be maintained as a class action and intend to oppose any motion for class certification. As discussed above, Defendants maintain that the initial phase of discovery should be limited to the named Plaintiff's claims. Defendants request that the Court refrain from setting any class certification-related deadlines until this initial phase of discovery is complete.

## X.    RELATED CASES

The Parties are not aware of any related cases or proceedings pending before another judge of this Court or before another court or administrative body.

## XI.    RELIEF

### A.    Plaintiff's Position

Plaintiff seeks monetary damages, injunctive relief, restitution, applicable penalties, and reasonable attorney's fees and costs on behalf of herself and the putative class.

### B.    Defendants' Position

Defendants have not filed any counterclaims. Defendants seek their reasonable attorneys' fees and costs incurred defending this action. Defendants deny that Plaintiff or any of the individuals whom Plaintiff seeks to represent are entitled to any relief whatsoever in this action.

## XII.    SETTLEMENT AND ADR

The Parties have not yet engaged in any settlement discussions.

JOINT CASE MANAGEMENT STATEMENT

**A.    Plaintiff's Position**

Plaintiff has proposed and is agreeable to early mediation.

**B.    Defendants' Position**

Defendants are assessing Plaintiff's proposal regarding early mediation and will make a decision regarding mediation after the hearing on their Motion to Dismiss.

**XIII.  OTHER REFERENCES**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

**XIV.  NARROWING OF ISSUES**

**A.    Plaintiff's Position**

Plaintiff has not identified any issues in dispute that can reasonably be narrowed prior to the Parties conducting discovery.

**B.    Defendants' Position**

Plaintiff's dismissal of the improperly-named Defendant TPMG would narrow the issues in this action.

**XV.   SCHEDULING**

**A.    Plaintiff's Position**

**Fact Discovery Cutoff:** March 30, 2027

**Deadline for Initial Expert Disclosures & Reports:** April 14, 2027

**Deadline for Rebuttal Expert Disclosures and Reports:** May 5, 2027

**Expert Discovery Cutoff:** May 12, 2027

**Deadline to File Class Certification Motion:** June 3, 2027

**Deadline to File Class Certification Opposition:** July 8, 2027

**Deadline to File Class Certification Reply:** August 5, 2027

**Hearing of Class Certification Motion:** September 2, 2027

**Deadline to File Dispositive and Daubert Motions**: November 4, 2028

**Hearing of Dispositive and Daubert Motions:** December 9, 2028

8

**Pretrial Conference:** February 16, 2028

**Trial:** March 6, 2028

**B.      Defendants' Position**

For the reasons set forth above, Defendants respectfully request that the Court set class certification related deadlines after the initial phase of discovery is complete and Defendants have filed a motion for summary judgment as to Plaintiff's individual claims. Defendants propose that the deadline to complete the first phase of fact discovery be set for February 16, 2027 and that the deadline for Defendants to file a motion for summary judgment as to Plaintiff's individual claims be set for March 18, 2027.

To the extent the Court declines to proceed as Defendants request, Defendants propose the following schedule:

**Last day to amend pleadings**: August 17, 2026

**Further Case Management Conference:** January 20, 2027

**Last day to file a motion related to class certification:** January 20, 2027

**Last day to oppose a motion related to class certification:** March 17, 2027

**Last day to file a reply in support of a motion related to class certification**: April 16, 2027

**Deadline for hearing on dispositive motions**: June 16, 2027

## XVI.   TRIAL

**A.      Plaintiff's Position**

Based on the claims currently in dispute, Plaintiff anticipates a jury trial of 10 to 15 court days, assuming 6 to 7 hours of court time per day.

**B.      Defendants' Position**

Defendants believe it is premature to determine a trial duration at this time, as trial length will depend on the resolution of various motions including, for example, Defendants' anticipated summary judgment motion on Plaintiff's claims and whether Plaintiff is able to secure class certification of any of her claims. Defendants note that Plaintiff's UCL claim (Sixth Cause of Action), if it proceeds to trial, must proceed by way of a bench trial, as there is no right to a jury trial on claims for equitable relief under California Business & Professions Code § 17200.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A.    Plaintiff's Position

Plaintiff has filed a Certification of Interested Persons in this action, which states the following parties have, or may have, a financial interest in the subject matter of this action or other interest in the outcome of this action:

1. Plaintiff Snezhana Cherni;

2. Defendant Kaiser Foundation Hospitals; and

3. Defendant The Permanente Group, Inc.

### B.    Defendants' Position

Defendants filed their Certification of Interested Entities or Persons and Corporate Disclosure Statement on August 8, 2025. (See Dkt. Nos. 2–3.) Defendants did not identify any conflict of interest (other than the named parties).

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

The Parties have no other matters to raise at this time.

JOINT CASE MANAGEMENT STATEMENT

DATED: June 8, 2026                         Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: _____
                                                Christian J. Rowley
                                                Kerry Friedrichs
                                                Parnian Vafaeenia
                                                Daniela A. Archila

                                                Attorneys for Defendants
                                                KAISER FOUNDATION HOSPITALS and
                                                THE PERMANENTE MEDICAL GROUP,
                                                INC.


Dated: June 8, 2026                         DREW LEWIS, PC



                                            By:   /s/ Drew Lewis
                                                  Drew Lewis

                                                Attorneys for Plaintiff
                                                SNEZHANA CHERNI




### ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: June 8, 2026              By: _____
                                       Daniela A. Archila, Esq.